33 P.3d 567

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dale J. LANGFORD, Defendant–Appellant.**

No. 24720.

Court of Appeals of Idaho.

Sept. 5, 2001.

Review Denied Oct. 29, 2001.

Luverne Eugene Shull, Gooding, for appellant.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent. Karen A. Hudelson argued.

PERRY, Judge.

Dale J. Langford appeals from his judgments of conviction and sentences for vehicular manslaughter and aggravated driving under the influence (DUI). We affirm.

## I.

### FACTS AND PROCEDURE

At 1:46 a.m. on October 6, 1996, a Gooding County Sheriff's officer happened upon a wrecked vehicle while on patrol. The vehicle had apparently veered off the road. The officer discovered three people inside the vehicle who were unconscious and also smelled an odor of alcohol. Langford was hanging out the driver's side window with his leg caught in the steering wheel. Kristina Carter was wedged in the middle of the front seat with her head below the steering wheel and her buttocks against Jackie Fletcher, who was in the passenger seat. Langford regained consciousness at the accident scene. All three victims were transported to a local hospital. At the hospital, Langford made a number of contradictory statements to medical personnel and investigating officers that he was the driver of the vehicle and that he had been drinking. Test results indicated that Langford's blood alcohol level exceeded the legal limit. Langford and Fletcher were successfully treated. Carter died as a result of her injuries.

Langford was charged with vehicular manslaughter, I.C. § 18–4006(3)(b), and aggravated DUI, I.C. § 18–8006. Langford filed a motion to suppress the statements he made to medical personnel while receiving medical treatment, asserting that they were privileged under I.R.E. 503(b)(2). He also sought to suppress the statements he made to investigating officers, claiming that they were taken in violation of his rights under the United States and Idaho Constitutions. Langford's motion was denied following a hearing.

Following a trial, the jury found Langford guilty of the charged offenses. For vehicular manslaughter, the district court sentenced Langford to a unified term of six years, with a minimum period of confinement of four years. For aggravated DUI, the district court sentenced Langford to a consecutive unified term of four years, with a minimum period of confinement of two years.

The district court retained jurisdiction for 180 days, and Langford was sent to participate in the rider program at the North Idaho

Correctional Institution (NICI). After Langford completed his evaluation at NICI, the jurisdictional review committee concluded that Langford was a marginal candidate for probation. The district court relinquished jurisdiction, and *sua sponte*, reduced Langford's sentence for aggravated DUI to a unified term of four years, with no minimum period of confinement.

Langford appeals, challenging the denial of his motion to suppress, the admission of the trial testimony of several witnesses regarding statements he made at the accident scene, and the refusal of the district court to give a requested jury instruction. Langford also argues that the district court abused its discretion in relinquishing jurisdiction and in executing his sentence.[1]

## II.

## ANALYSIS

### A. Motion to Suppress

At the hearing on Langford's motion to suppress, both medical personnel and investigating officers testified regarding the statements Langford made to them that he was the driver of the vehicle at the time of the accident and that he had been drinking. In addition, one of the investigating officers testified that Langford stated that he would take full responsibility for the accident.

■ Langford asserts that the district court erred in denying his motion to suppress these statements. Langford claims that the statements made to medical personnel should have been suppressed because they were privileged under I.R.E. 503(b)(2). In addition, Langford claims the statements made to investigating officers should have been suppressed because they were taken in violation of his Fifth and Sixth Amendment rights under the United States Constitution and in

violation of his rights under the Idaho Constitution.[2]

■ The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact which are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez–Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct.App.1999).

### 1. Statements to medical personnel

■ Langford argues the statements he made to medical personnel were privileged under I.R.E. 503(b)(2) because, although he was treated mainly for his physical injuries, hospital staff needed to diagnose him for other purposes including his mental state.

At the hearing on Langford's motion to suppress, one of the nurses who treated Langford testified that when Langford was initially brought to the hospital, she did a brief overall assessment of him to determine his level of consciousness and to begin a neurological assessment. She testified that the purpose was to establish a "base line" and to track any change in Langford's neurological state following his injury. When asked whether such an assessment was done to treat his emotional condition or his physical condition, she testified it was only to treat his physical condition.

The district court found that the purpose of Langford's medical treatment was for the physical injuries and trauma sustained in the car accident. The district court further

---

1. In addition to the evidentiary and trial issues raised on appeal, Langford raised a claim of ineffective assistance of counsel. However, at oral argument, Langford's counsel withdrew the issue from this Court's consideration. Therefore, Langford's ineffective assistance claim will not be addressed.

2. Although Langford claims his rights under the Idaho Constitution were violated, he does not support his claim with authority nor argument. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Therefore, we will not address whether Langford's rights under the Idaho Constitution were violated.

found that Langford was not diagnosed or treated for any emotional or mental condition at the hospital. The district court's findings are supported by substantial evidence in the record.

Idaho Rule of Evidence 503(b)(2) provides:

Criminal action. A patient has a privilege in a criminal action to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family.

As noted by the California Supreme Court, any physical injury is likely to have a mental component in the form of pain suffered by the injured person. *See Roberts v. Superior Court of Butte County,* 9 Cal.3d 330, 107 Cal.Rptr. 309, 508 P.2d 309 (1973). Thus, in any case involving personal injury, a mental component may be said to be at issue, in that limited sense. *Id.* at 314, 508 P.2d at 314. However, that is insufficient to transform Langford's treatment for his physical injuries into treatment for his mental condition. To allow Langford to claim the statements he made during medical treatment for his physical injuries are privileged would defeat the plain language of Rule 503(b)(2). Therefore, we conclude that Langford's statements to medical personnel were not privileged, and the district court did not err in denying Langford's motion to suppress those statements.

### 2. Statements to investigating officers

Langford argues the statements he made to investigating officers should have been suppressed because they were taken in violation of his rights under the Fifth and Sixth Amendments to the United States Constitution.

■ The Sixth Amendment right to counsel attaches only at or after the initiation of adversary judicial proceedings against an individual. *United States v. Gouveia,* 467

U.S. 180, 187, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984); *Kirby v. Illinois,* 406 U.S. 682, 688, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *State v. Harmon,* 131 Idaho 80, 86, 952 P.2d 402, 408 (Ct.App.1998). Because no formal criminal judicial proceedings were initiated against Langford at the time he made statements to investigating officers, the Sixth Amendment does not apply here.

■ In order to effectuate the Fifth Amendment privilege against compulsory self-incrimination, police officers must inform individuals of their right to remain silent and their right to counsel before conducting a custodial interrogation. *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *State v. Albaugh,* 133 Idaho 587, 591, 990 P.2d 753, 757 (Ct.App. 1999). A person is in custody for purposes of *Miranda* when he or she has been arrested or when his or her freedom of action is curtailed to a degree associated with formal arrest. *Berkemer v. McCarty,* 468 U.S. 420, 440, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984); *Albaugh,* 133 Idaho at 591, 990 P.2d at 757. Because the officers' questioning of Langford while he was in the hospital falls within the general area of interrogation, this Court must determine whether Langford was in custody for purposes of *Miranda.*

■ Two Idaho cases discuss whether a person is in custody for purposes of *Miranda* when interviewed by police while hospitalized. In *State v. Sandoval,* 92 Idaho 853, 452 P.2d 350 (1969), the Idaho Supreme Court held that a defendant/patient was not subject to a custodial interrogation because he was not under arrest, the authorities did nothing to restrain his freedom of action, the questioning took place in a hospital room, and another patient was present. In *State v. Cooper,* 119 Idaho 654, 809 P.2d 515 (Ct.App. 1991), this Court held that a defendant/patient was not subject to custodial interrogation because he was questioned in the public waiting area, the defendant was not arrested or detained by police officers, and the interview lasted only thirty minutes. This Court explained that the majority view is that "questioning in hospitals by police is not custodial when the suspect is not under formal arrest." *Id.* at 658, 809 P.2d at 519.

This is also in accordance with the majority view that a defendant/patient is not subject to custodial interrogation even though restrained or confined to a hospital bed or room by medical personnel. *See People v. Mosley*, 73 Cal.App.4th 1081, 87 Cal.Rptr.2d 325 (1999); *People v. DeBoer*, 829 P.2d 447 (Colo.Ct.App.1991); *Cummings v. State*, 27 Md.App. 361, 341 A.2d 294 (1975); *People v. Ripic*, 182 A.D.2d 226, 587 N.Y.S.2d 776 (N.Y.App.Div.1992).

■ Here, like the defendants in *Sandoval* and *Cooper*, Langford was questioned while hospitalized. However, there is no evidence Langford was ever placed in police custody. He was never arrested and, although he was restrained while being questioned at the hospital, he was restrained by hospital personnel for medical purposes. The investigating officers who testified at the hearing on Langford's motion to suppress stated that, as far as they were concerned, Langford was free to leave but was prevented from doing so by hospital staff. Moreover, medical personnel were present in Langford's room while he was being interviewed by the officers and the interview only lasted a few minutes. Therefore, we conclude the district court did not err by finding Langford was not in custody at the time he was interviewed by police officers.

Langford also argues that the statements he made to the officers were not voluntary because at the time he made the statements he was restrained, confused, intoxicated, and had a head injury. In addition, Langford claims his will was overborne because the officers interviewed him while he was undergoing painful medical treatment and because they secretly tape recorded some of the interview.

■ Notwithstanding the fact that an interview is noncustodial, statements made by an individual may be rendered inadmissible if they were not voluntary for Fifth Amendment purposes. *State v. Radford*, 134 Idaho 187, 191, 998 P.2d 80, 84 (2000); *State v. Kuzmichev*, 132 Idaho 536, 544, 976 P.2d 462, 470 (1999). Statements are not volun-

tary if, based upon the totality of the circumstances, the defendant's will was overborne. *See Radford*, 134 Idaho at 191, 998 P.2d at 84; *Kuzmichev*, 132 Idaho at 544, 976 P.2d at 470.

■ Here, there is no evidence suggesting Langford's statements to the officers were not voluntary. Langford never told the officers he did not want to speak with them or answer their questions. Langford called his attorney after being brought to the hospital and prior to being interviewed. There is no indication that Langford's attorney advised him not to speak with the officers, and Langford never told the officers he wanted to speak with his attorney during their interview with him. Therefore, we conclude that Langford has failed to show that his statements were involuntary. Thus, we hold that the district court did not err by denying Langford's motion to suppress statements he made to the police officers.

## B. Admission of Statement: "Help Me First."

■ At Langford's trial, three witnesses testified that when help arrived at the scene of the accident, Langford told them to save him first and not to worry about the others. Langford's counsel did not object to this testimony at trial. Langford argues the district court abused its discretion in allowing the three witnesses' testimony at trial because it was inflammatory and irrelevant.

This Court will not address an issue not preserved for appeal by an objection in the trial court. *State v. Johnson*, 126 Idaho 892, 896, 894 P.2d 125, 129 (1995); *State v. Rozajewski*, 130 Idaho 644, 645, 945 P.2d 1390, 1391 (Ct.App.1997). Because no objection was made to the testimony concerning Langford's statement to save him first, we will not consider this issue.

## C. Failure to Give Requested Jury Instruction

Langford requested that the district court give the jury a *Holder*[3] instruction, claiming

3. *State v. Holder*, 100 Idaho 129, 594 P.2d 639 (1979). The *Holder* instruction comes from the

Idaho Supreme Court's decision that when the prosecution's evidence is entirely circumstantial,

that the equivocal nature of the statements he made to medical personnel and investigating officers made them "circumstantial evidence." The district court refused.

■ On appeal, Langford argues the district court erred by refusing to give the *Holder* instruction. He claims that the direct evidence against him—his statements to medical personnel and investigating officers that he had been drinking and that he was driving at the time of the accident—was of such unreliable weight due to his confusion, his alcohol intake, and his head injury that he was entitled to a *Holder* instruction.

In *State v. Humpherys*, 134 Idaho 657, 8 P.3d 652 (2000), the Idaho Supreme Court overturned *Holder* and held that "once the jury has been properly instructed on the reasonable doubt standard of proof, the defendant is not entitled to an additional instruction on circumstantial evidence even when all evidence is circumstantial." *Id.* at 662, 8 P.3d at 657. Therefore, because of the Idaho Supreme Court's decision in *Humpherys*, Langford was not entitled to a *Holder* instruction. Accordingly, the district court did not err in refusing the requested instruction.

## D. Relinquishment of Jurisdiction

At sentencing, the district court retained jurisdiction while Langford completed a 180 day rider at NICI. At the conclusion of the 180 days, the district court relinquished jurisdiction and ordered Langford to serve his sentences. Langford argues that the district court abused its discretion in relinquishing jurisdiction, relying too heavily on Langford's failure to complete a substance abuse program ordered by the staff at NICI even though the district court did not order completion of a substance abuse program.

■ The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10

(1981); *State v. Lee*, 117 Idaho 203, 205–06, 786 P.2d 594, 596–97 (Ct.App.1990).

■ At the time of sentencing, the district court did not order Langford to complete an alcohol treatment program because Langford's alcohol evaluation indicated it was unnecessary. While at NICI, the staff ordered Langford to complete a substance abuse program, which he failed to do. At Langford's 180-day review hearing, the district court noted Langford's failure to complete the substance abuse program at NICI and relied on that, in part, in relinquishing jurisdiction. Langford argues that the district court relied too heavily on that factor. In reaching its decision to relinquish jurisdiction, the district court also relied on additional factors, including Langford's continued denial that he was driving the car at the time of the accident despite the overwhelming evidence to the contrary, his attempts to blame others for his mistakes, his failure to take responsibility for his actions, and his tendency to rationalize and be dishonest. Having reviewed the record in this case, we cannot say the district court abused its discretion in relinquishing jurisdiction.

## E. Sentence Review

Langford was initially sentenced to a unified term of six years, with a minimum period of confinement of four years for vehicular manslaughter, and to a consecutive unified term of four years, with a minimum period of confinement of two years for aggravated DUI. However, the district court modified Langford's sentence for aggravated DUI to an indeterminate term of four years with no minimum period of confinement. Langford argues that his sentences are excessive.

■ An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct.App.2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable

the defendant is entitled to a special instruction

limiting the effect of the evidence.

upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

Here, the district court considered Langford's prior criminal history, prior instances of alleged domestic violence, and his attempts to minimize and rationalize this crime and other crimes. The district court also considered the recommendations by the prosecutor and the pre-sentence investigator, several victims in this case, and the victim impact statements. The district court fashioned Langford's sentences taking into account the objectives of protection of society, rehabilitation, deterrence, and punishment. Based upon these factors, and the nature of Langford's crimes, the district court determined that a period of incarceration was necessary in this case to adequately protect society. Having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, we conclude Langford's sentence is not unreasonable or excessive.

## III.

## CONCLUSION

We hold that Langford has failed to show the district court erred in denying his motion to suppress statements he made to both medical personnel and police officers. Langford failed to preserve by objection admission of the testimony of three witnesses about his statement at the accident scene to help him first. Langford has not shown that the district court erred by refusing to give a *Holder* instruction. Finally, Langford has failed to show the district court abused its discretion by relinquishing jurisdiction and sentencing him to an aggregate term of ten years, with a minimum period of confinement of four years. Therefore, Langford's judgments of conviction and sentences are affirmed.

Chief Judge SCHWARTZMAN and Judge LANSING, CONCUR.