**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43061**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 389** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 11, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **FREDERICK ANTHONY TANK,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge; Hon. John Hawley, Jr., Magistrate.

Decision of the district court, on intermediate appeal, affirming the magistrate's judgment of conviction and denial of Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Alan Trimming, Ada County Public Defender; Elizabeth H. Estess, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Frederick Anthony Tank appeals from the district court's decision, on intermediate appeal, affirming Tank's judgment of conviction for stalking in the second degree and the denial of his Idaho Criminal Rule 35 motion. Specifically, Tank argues there was insufficient evidence for the jury to convict him. Tank also contends that the magistrate's jury instruction on the elements of the crime was insufficient to support a conviction. Lastly, Tank maintains the district court erred in determining the magistrate did not abuse its discretion when it denied Tank's Rule 35 motion for leniency. For the reasons explained below, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Tank with stalking in the second degree. At trial, the victim (Tank's ex-wife) testified that someone posted her name and number on Craigslist with a message that she "love[s] to give head." She testified that Tank was the only person she could think of who would post such an ad. A few days later, according to the victim's testimony, she was driving home from work and noticed that Tank was following her. She called her father, who told the victim to meet him in a park. The victim's father testified that as he saw his daughter pull into the park, Tank's car drove by the park, turned around, and came back. A police officer testified that he was called to respond to the incident.

Additionally, the victim testified that she saw Tank holding up signs across the street from the victim's office. The signs proclaimed Tank's love for the victim, and warned the victim's male co-worker to stay away from her.

The victim's father testified that he received an anonymous text message with a photograph of the victim naked and handcuffed to a bed performing oral sex on someone. The text message included a comment that read, "This is you and [the victim]." The victim testified that Tank took the photograph.

The State introduced multiple e-mails that Tank sent the victim. Some of the e-mails read: "You love me, and I can't even call or text. How can I ever woo you or date you?"; "In the past, no one ever fought for you. They just let you go. When I married you, I swore I would never do that."; and "I know you are getting these. Why won't you respond." When Tank told the victim over e-mail that he would hold up signs in front of the victim's office, Tank wrote, "Don't worry. It's all legal. I'll be like those union guys, that as long as I stay in a public place and don't come onto the property, I'm ok. Is [your office] trying to keep that place a secret? Hmmm . . . they are going to love me."

At the conclusion of trial, the magistrate instructed the jury that for Tank to be guilty of stalking in the second degree, the State must prove that Tank knowingly and maliciously engaged in a course of conduct that seriously alarmed, annoyed, or harassed the victim, and the conduct would cause a reasonable person substantial emotional distress. The jury instruction mirrored the elements set forth in Idaho Code § 18-7906, which prohibits stalking in the second degree. Tank was found guilty, and the magistrate sentenced Tank to 365 days in jail, with

335 days suspended, and granted credit for time served. The magistrate imposed a $1,000 fine, with $500 suspended, and ordered Tank to pay court costs. Furthermore, the magistrate placed Tank on two years of supervised probation, but held that Tank could petition the court to release him from supervised probation once Tank completed treatment or classes that the probation officer felt necessary. The magistrate also ordered that Tank have no contact with the victim.

Tank moved for reconsideration of the sentence pursuant to Idaho Criminal Rule 35. Tank argued he could not afford to comply with the sentence imposed and noted that this was his first offense. The magistrate denied the motion to reconsider. Tank appealed to the district court, arguing that the State's evidence was insufficient to support his conviction, and the magistrate abused its discretion when it denied his Rule 35 motion. In affirming the magistrate's judgment of conviction and denial of Tank's Rule 35 motion, the district court determined there was sufficient evidence to support Tank's conviction, and the magistrate did not abuse its discretion in denying the Rule 35 motion because Tank did not submit new evidence with the motion. Tank appeals from the district court's decision. Additionally, for the first time on appeal, Tank argues the magistrate's jury instruction regarding the stalking charge is insufficient to support a conviction.

## II.

## ANALYSIS

### A.    Sufficiency of Evidence

Tank argues the State presented insufficient evidence at trial to support his conviction for stalking in the second degree. Aside from a section heading in his reply brief, Tank fails to articulate any error from the district court. Presumably, Tank argues the district court erred in determining that the State presented sufficient evidence at trial. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303,

3

304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

With regard to his insufficiency of the evidence argument, Tank maintains there is no evidence linking him to the Craigslist postings, the allegations that he followed the victim to the park, or the sexual image and text message sent to the victim's father.[1] However, Tank does not provide argument in his opening brief; he merely recites four sentences of facts. When issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (Ct. App. 1996).

Nevertheless, we address the merits to clarify that the State presented substantial evidence at trial to support a conviction. Both the victim and her father testified about Tank's alleged stalking. For instance, they both testified that they observed Tank in his car, following the victim. They also testified as to the explicit text message that the victim's father received. Moreover, the victim testified that she could not think of anyone other than Tank who would have posted the Craigslist ad. Tank argues that his conviction was based largely on circumstantial evidence, but circumstantial evidence is sufficient to support a conviction. *See State v. Humpherys*, 134 Idaho 657, 662, 8 P.3d 652, 657 (2000). Accordingly, the district court did not err in determining there was sufficient evidence to support Tank's conviction.

## B. Jury Instruction

Tank next argues that the magistrate's jury instruction on the elements of the crime of stalking in the second degree was deficient. Specifically, Tank maintains the jury instruction employed an improper standard: negligence. However, Tank did not object to the jury instruction at trial, nor did he raise the issue on appeal with the district court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285

---

[1] Tank also asserts he was engaged in a constitutionally-protected activity when he picketed outside of the victim's office. However, Tank does not provide authority for this argument. When issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (Ct. App. 1996). Tank therefore waived this argument.

4

(2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

Tank contends the elements jury instruction set forth the standard of negligence in place of a criminal intent. However, I.C. § 18-7906 clearly articulates two criminal intents required for stalking:

> (1) A person commits the crime of stalking in the second degree if the person *knowingly and maliciously*:
> (a) Engages in a course of conduct that seriously alarms, annoys or harasses the victim and is such as would cause a reasonable person substantial emotional distress; or
> (b) Engages in a course of conduct such as would cause a reasonable person to be in fear of death or physical injury, or in fear of the death or physical injury of a family or household member.

(Emphasis added.) Furthermore, consistent with I.C. § 18-7906, the jury instruction noted that, in order for Tank to be found guilty of stalking in the second degree, the State would have to prove that Tank both knowingly and maliciously engaged in a certain course of conduct. The instruction read:

> In order for the defendant to be guilty of Stalking in the Second Degree, the state must prove each of the following:
> 1. On or about April 24 through May 16, 2014
> 2. in the state of Idaho
> 3. the defendant [Frederick] Tank
> 4. knowingly and
> 5. maliciously
> 6. engaged in a course of conduct
> 7. that seriously alarmed annoyed or harassed [the victim] and
> 8. was such as would cause a reasonable person substantial emotional distress.

Therefore, the elements jury instruction properly outlined the required criminal intents for the crime of stalking in the second degree.

## C.      Rule 35 Motion

Lastly, Tank maintains the district court erred in determining that the magistrate did not abuse its discretion when it denied Tank's Rule 35 motion. In his Rule 35 motion, Tank refers to his financial inability to comply with the sentencing recommendations. On appeal to the district court, Tank emphasized that this was his first offense. A motion for reduction of sentence under Idaho Criminal Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the court in support of the motion. *State v. Huffman*, 141 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

The record reflects that Tank did not submit new or additional evidence with his Rule 35 motion and instead merely argued that he could not afford to comply with his sentencing recommendations and emphasized that this was his first offense. Without more, we conclude the district court did not err in determining that the magistrate did not abuse its discretion when it denied Tank's Rule 35 motion.

## III.

## CONCLUSION

The district court did not err in determining there was sufficient evidence to support Tank's conviction because the State presented substantial evidence at trial to support the conviction. Moreover, Tank failed to demonstrate a deficiency in the elements jury instruction because the jury instruction set forth the elements of the charged crime. Finally, the district court did not err in determining that the magistrate did not abuse its discretion when it denied Tank's Rule 35 motion because Tank did not submit new or additional information to the court. We therefore affirm the district court's decision affirming Tank's conviction and the denial of his Rule 35 motion.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.