190 P.3d 896

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jimmy Thomas GLASS, Defendant– Appellant.**

**No. 31422.**

Court of Appeals of Idaho.

April 14, 2008.

Review Denied Aug. 11, 2008.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daniel W. Bower, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Chief Judge.

Jimmy Thomas Glass appeals from his conviction for enticing a child over the Internet. Specifically, Glass challenges the admission of evidence and its sufficiency to establish

that he was the online perpetrator. We affirm.

## I.

### FACTS AND PROCEDURE

During the week of July 15, 2004, detectives from the Ada County Sheriff's Office conducted an Internet sting operation to locate individuals enticing children into sexual activity over the Internet. Two officers posing as children under the age of sixteen were online at the same time for approximately eight hours a day. One day, Detective Kenneth Smith logged into a Yahoo (an Internet service provider) chat room labeled "romance" and posed as a fifteen-year-old girl with the screen name "lisa200215ncal." The user profile for that screen name identified "Lisa" as a high school sophomore from California who was currently in Boise visiting her father.

After Detective Smith logged into the chat room, other individuals already signed into the same chat room were able to see Detective Smith's screen name and profile and were able to send private "instant messages" directly to him. Subsequently, he was privately contacted by a person using the screen name "letsgetkinky831." During an ensuing conversation, "lisa200215ncal" indicated that she was a fifteen-year-old female to which "letsgetkinky831" replied, "That's cool." He then asked her to look at the picture on his profile, that of a man from the waist down, naked and masturbating, and to tell him if it was "ok." The following conversation then took place:

Lisa200215ncal: yea looks ok

Letsgetkinky831: :D [laughter]

Letsgetkinky831: maybe you'd let me undress in front of you?

Lisa200215ncal: maybe

Letsgetkinky831: well what do you have in mind then?

Lisa200215ncal: I don't know didn't really have a plan

Letsgetkinky831: well then let me start by coming over and taking my clothes off

Letsgetkinky831: play with it in front of you, get it hard

Letsgetkinky831: see what comes up?

Lisa200215ncal: yea might be able to do that

Letsgetkinky831: cool

Letsgetkinky831: when?

Letsgetkinky831: Lisa?

Letsgetkinky831: what's wrong now?

Lisa200215ncal: think

Letsgetkinky831: ok

Lisa200215ncal: so ur serious

Letsgetkinky831: i'm dead serious

Letsgetkinky831: i'll undress, if you don't like, I'll leave, k

Lisa200215ncal: well how far do u want to go

Letsgetkinky831: only as far as you want to go

Lisa200215ncal: so if i said no sex u would be good with that

Letsgetkinky831: yes

Letsgetkinky831: cool then?

. . . .

Letsgetkinky831: i need to go to work today

Lisa200215ncal: when

Letsgetkinky831: at 2

Letsgetkinky831: so I'd have to do this soon

Lisa200215ncal: oh so will that be enough time

Letsgetkinky831: sure will if ya let me come over now

Letsgetkinky831: :D

Lisa200215ncal: what part of town do u live in

Letsgetkinky831: north side U?

Lisa200215ncal: well im not really sure do u know where Fairview is

Letsgetkinky831: i do

Lisa200215ncal: ok

Letsgetkinky831: what's the address then?

Lisa200215ncal: [address given]

Letsgetkinky831: ok

Letsgetkinky831: so it's cool then?

Lisa200215ncal: what is ur first name

Letsgetkinky831: Tom

Lisa200215ncal: I will look for u what does ur car look like

Letsgetkinky831: blk car

Lisa200215ncal: small or big (the car)

Letsgetkinky831: lol small 2 dorr

Letsgetkinky831: door

Lisa200215ncal: ok well see u in a bit do you have a condom]

Letsgetkinky831: I don't but thought you didn't want sex

Lisa200215ncal: well bring one just in case u never no

Letsgetkinky831: k

Twenty-three minutes after the conversation ended, another detective in the apartment observed a black two-door car pulling into the apartment parking lot. The detectives then lost sight of the car, but shortly thereafter, Glass knocked on the apartment door where the sting was taking place. He was placed under arrest.

Glass was charged with one count of enticing a child over the Internet, Idaho Code § 18–1509A. Prior to trial, Glass filed a motion *in limine* to exclude introduction of the transcript of the online conversation, claiming the state did not have sufficient evidence to link Glass to the "letsgetkinky831" screen name. After hearing an offer of proof from the state, the trial court denied the motion.

At trial, the state called Detective Smith to testify in regard to the online operation, specifically eliciting testimony from him as an expert on the uniqueness of chat room screen names generally, as well as those associated specifically with Yahoo. Glass objected to the testimony. After the state rested, Glass asked the trial court to reconsider its denial of his motion to exclude the transcript, and his request was denied. Glass also moved for a judgment of acquittal, arguing that the state had failed to present sufficient evidence that Glass had acted in contravention of I.C. § 18–1509A. The motion was denied and the

defense rested without presenting further evidence.

The jury found Glass guilty as charged. He was sentenced to a unified term of fifteen years, with three years determinate and now appeals.

## II.

## ANALYSIS

### A. Foundation

■ Glass asserts the district court erred in admitting the transcript of the online conversation between "letsgetkinky831" and "lisa200215ncal" and the online profile of "letsgetkinky831" because the state failed to lay the proper foundation to show that Glass was the person behind the "letsgetkinky831" screen name.[1]

■ Whether sufficient foundation has been laid for the admission of evidence is committed to the discretion of the trial court. *State v. Braendle*, 134 Idaho 173, 176, 997 P.2d 634, 637 (Ct.App.2000). Thus, the court's decision will not be disturbed on appeal absent a showing the court abused its discretion. *Id.*

■ The party offering an exhibit must lay foundation through a witness or witnesses who can identify the proffered items as being connected with the crime. *State v. Simmons*, 120 Idaho 672, 678, 818 P.2d 787, 793 (Ct.App.1991). When physical items are offered in evidence and a question of fact arises as to its connection with either the defendant or the crime, generally the item should be admitted for such weight and effect as the jury decides to give it, unless it is clearly irrelevant. *Id.*

■ Here, an adequate foundation was laid because the state's evidence was sufficient to show that the transcript and the profile—and the person behind the screen name—were connected to the alleged criminal behavior that formed the basis of the

---

1. Glass seems to blend his foundation argument with an argument that the evidence was inadmissible hearsay. However, as the state points out, there is no hearsay issue present here. The transcript of the conversation was not being ad-

mitted for the truth of the statements therein, but rather to show these statements were "verbal acts" made in contravention of the child enticement statute. *See State v. Gomez*, 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct.App.1994).

charge. Glass's argument that the screen name was not adequately connected to him goes less to the adequacy of the foundation for the evidence than to the sufficiency of the trial evidence to identify Glass as the perpetrator. *See State v. Wilson,* 142 Idaho 431, 434, 128 P.3d 968, 971 (Ct.App.2006) (holding as much where defendant argued there was not sufficient foundation tying him to a bag of methamphetamine that was the basis of the charge).

However, even if, as Glass argues here, evidence tying him to the screen name was necessary before the exhibits could be admitted, that foundation was provided here. See *United States v. Tank,* 200 F.3d 627, 630 (9th Cir.2000), (requiring, in regard to Internet screen names, the prosecution to establish a connection between the proffered evidence and the defendant prior to admission of the evidence). The online interaction between "lisa200215ncal" and "letsgetkinky831" was a private conversation to which only those two were a party. "Lisa200215ncal" provided "letsgetkinky831" with the address of a vacant apartment located in an apartment complex near Fairview Avenue. "Letsgetkinky831" responded by saying his name was "Tom" and that he would be coming from the north side of Boise. He also indicated that he would be arriving in a small, black two-door car and that he was leaving his residence immediately to come to the apartment because he needed to go to work later. Twenty-three minutes later, the detectives witnessed a black two-door car drive into the apartment complex parking lot. Thereafter, Glass, whose middle name is Thomas, knocked on the door of the apartment number that was given to "letsgetkinky831" where the detectives had set up the sting operation. Taken together, this evidence strongly suggests that Glass was operating online that day under the screen name of "letsgetkinky831."

Glass argues that because the detectives had engaged in upwards of twenty chats that day, because there were others who arrived at the apartment complex that day

and were arrested, and because the state never presented any evidence at trial that investigators were able to locate evidence of either of the screen names on any computer belonging to Glass,[2] there was not a sufficient foundation laid to establish that Glass was "letsgetkinky831." However, these details go largely to the strength of the connection, a consideration for the jury when deciding whether Glass was the perpetrator. *See Simmons,* 120 Idaho at 678, 818 P.2d at 793. We conclude the district court did not err in admitting the transcript or the profile as sufficient foundation was laid.

### B. Expert Testimony

Glass also contends the district court abused its discretion in allowing Detective Smith to offer expert testimony in regard to the uniqueness of screen names and the applications of Yahoo. Specifically, he argues the state failed to lay adequate foundation that the detective was qualified as an expert on these topics.

The admissibility of expert testimony is discretionary with the trial court and a decision will not be disturbed on appeal absent an abuse of discretion. *State v. Merwin,* 131 Idaho 642, 647, 962 P.2d 1026, 1031 (1998). Idaho Rule of Evidence 702 provides, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." The five sources of expert qualifications identified in the rule are disjunctive. *State v. Eytchison,* 136 Idaho 210, 213, 30 P.3d 988, 991 (Ct.App.2001). Therefore, academic training is not always a prerequisite to be qualified as an expert; practical experience or specialized knowledge may be sufficient. *State v. Konechny,* 134 Idaho 410, 414, 3 P.3d 535, 539 (Ct.App.2000). However, there must be a demonstration that the witness has acquired, through some type of training, education or experience, the necessary expertise and knowledge to render

---

2. No search of Glass's home computer was conducted, apparently upon the detectives being informed by Glass's wife that Glass was not at home during the time period the online conversation occurred.

the proffered opinion. *Id.* A witness may be qualified to render opinions about some things within a particular professional field but not others. *Eytchison,* 136 Idaho at 213, 30 P.3d at 991.

At trial, Glass objected to Detective Smith's testimony regarding the individuality of screen names and specifically, that concept in regard to Yahoo, the Internet service provider used during the investigation. In short, Detective Smith testified that if someone is already utilizing a screen name, another person cannot utilize that same screen name. He testified that this was true in general and specifically in regard to Yahoo chat rooms where "the screen name is unique to the person online."

In regard to his training and experience, Detective Smith testified that he had spent over 120 hours in training pertaining to Internet crimes against minors. Detective Smith further testified that he had four years experience investigating Internet child sexual abuse crimes and had been the main investigator in Idaho on these types of crimes since 2000, investigating over forty cases of this type.

We conclude the district court did not abuse its discretion in allowing Detective Smith to testify regarding the Internet screen names. His testimony showed he had extensive training and experience in investigating Internet sexual abuse crimes where the use of a screen name is integral to the process. In this context we do not believe he would be required to have specific computer program training as Glass asserts; rather, it was within the province of the jury to take the extent and type of training and experience that he had and decide how much weight to give his testimony.

## C. Sufficiency of the Evidence

Finally, Glass argues there was insufficient evidence presented at trial to support his conviction for enticing a child over the Internet. Specifically, he contends there was not sufficient evidence presented that he was the person behind the screen name "letsgetkinky831" or that he "solicited" "lisa200215ncal" to participate in a sexual act in contravention of the statute.

In regard to the latter contention, Glass's argument is at least partially a matter of statutory construction as opposed to sufficiency of the evidence. He argues that his alleged behavior of proposing to masturbate in front of a child is not in contravention of I.C. § 18–1509A(1) which states:

**18–1509A. Enticing of children over the internet—Penalties—Jurisdiction—**(1) A person aged eighteen (18) years or older shall be guilty of a felony if he or she knowingly uses the internet to solicit, seduce, lure, persuade or entice by words or actions, or both, a minor child under the age of sixteen (16) years or a person the defendant believes to be a minor child under the age of sixteen (16) years to engage in any sexual act with or against the child where such act is a violation of chapter 15, 61 or 66, title 18, Idaho Code.

Because this statute proscribes soliciting a sexual act "with or against" the child, Glass contends that even if it was established that he was the person behind "letsgetkinky831," the act of proposing to masturbate in front of her would not be criminal under the enticement statute because there was no proposed contact with the "child."

Glass also points out that to be in violation of § 18–1509A, the defendant must solicit the minor to engage in an act that would violate title 18, chapters 15, 61, or 66 of the Idaho Code. Here, the information charged Glass with soliciting a sexual act that would violate § 18–1506 and § 18–1508, the sexual abuse of a minor and lewd conduct statutes respectively. He argues that the conduct he allegedly solicited, to masturbate in front of "lisa200215ncal," is not prohibited by either of these statutes. In this respect, we agree with him. Section 1508, defining lewd conduct with a minor under sixteen, clearly is not implicated since it requires physical *contact* between the offender and the minor.

Nor would his proposal of masturbating in front of "lisa200214ncal" be violative of I.C. § 1506. This is clear from our recent decision *Mintun v. State,* 144 Idaho 656, 168 P.3d 40 (Ct.App.2007), where the defendant was

charged with soliciting a ten-year-old boy to watch and take photographs of the defendant while the defendant masturbated, in violation of I.C. § 1506(1)(a).[3] Mintun argued that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence of his conviction because "the child was not asked to touch himself, touch another, or touch Mintun, [therefore] there was no solicitation to 'participate in a sexual act' within the meaning of the statute." We agreed and held that the plain language of I.C. 18–1506(1)(a) requires "proof that the defendant communicated a desire for a minor child to participate in a sexual act or foreplay involving *physical contact* between the minor child and another person or the minor's self-contact." *Mintun*, 144 Idaho at 664, 168 P.3d at 48 (emphasis added). Based on this case, Glass asserts that since "letsgetkinky831" did not propose physical contact with "lisa200215ncal," only that he would masturbate in front of her, his behavior did not constitute a violation of I.C. § 18–1506 and thus could not form the basis for prosecution under I.C. § 18–1509A. We agree in regard to his proposal of masturbation—such behavior did not violate I.C. § 18–1506. We also do not find, nor does the state propose, any other provisions in chapters 15, 61, or 66 of title 18 of the Idaho Code which Glass could have been found to violate by his proposal of masturbation.[4]

■ However, we still must examine whether there was sufficient evidence presented to conclude that Glass sought to seduce or lure "lisa200215ncal" to participate in

sexual activity *in addition to* the proposal of masturbation such that he was soliciting a violation of code sections identified in I.C. § 18–1509A. *See State v. Enyeart*, 123 Idaho 452, 455–56, 849 P.2d 125, 128–29 (Ct.App. 1993) (holding that a general jury verdict is valid as long as it is legally supportable on one of the submitted grounds). The state argues that Glass's proposal of masturbation was merely the starting point for his intended activities with the minor and that there was clear evidence he sought to persuade "lisa200215ncal" to engage in sexual acts that involved contact between the two—activities that would clearly violate I.C. §§ 18–1506, 18–1508. Glass counters, saying there is insufficient evidence that he was trying to solicit anything further.

■ Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera–Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct.App.1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App.1991). We will not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304

3. In relevant part, Idaho Code Section 1506(1)(a) states:

 (1) It is a felony for any person eighteen (18) years of age or older, with the intent to gratify the lust, passions, or sexual desire of the actor, minor child or third party, to:

 (a) solicit a minor child under the age of sixteen (16) years to participate in a sexual act, or

 ....

 (2) For the purposes of the section "solicit" means any written, verbal, or physical act which is intended to communicate to such minor child the desire of the actor or third party to participate in a sexual act or participate in sexual foreplay, by the means of sexual contact, photographing or observing such minor child engaged in sexual contact.

(3) For the purposes of this section "sexual contact" means any physical contact between such minor child and any person, which is caused by the actor, or the actor causing such minor child to have self contact.

4. The state originally attempted to charge Glass with soliciting indecent exposure, Idaho Code § 18–4116, as a violation under I.C. § 18–1509A. However, the information was amended to remove this charge after the preliminary hearing where the magistrate court noted that soliciting a violation of section 18–4116 is not prohibited by section 18–1509A, which prohibits only solicitation of acts that would violate title 18, chapters 15, 61, or 66.

(Ct.App.1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera–Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. We note that circumstantial evidence and direct evidence inherently possess the same probative value. *State v. Humpherys*, 134 Idaho 657, 661, 8 P.3d 652, 656 (2000).

In support of its assertion that Glass was soliciting "lisa200215ncal" to do more than simply watch him masturbate, the state argues that Glass explicitly indicated that masturbation was merely the "starting point of their sexual experience," when he said "well then let me start by coming over and taking my clothes off … play with it in front of you get it hard … see what comes up?" Then, when "lisa200215ncal" asks how far Glass wants to go, he responds "only as far as you want to go." Finally, at the end of the conversation when "lisa200215ncal" instructs Glass to bring a condom "just in case" he responds affirmatively.

The state argues that these statements are evidence that Glass intended to participate in sexual activity with "lisa200215ncal" that involved sexual contact between the two and was "luring, seducing, and grooming her to that end." It contends that Glass's soliciting "lisa200215ncal" to watch him masturbating in front of her was a means of luring her to perform additional sexual acts with him in contravention of the statute which prohibits soliciting a minor to engage in sexual acts that would violate a defined group of statutes.

We agree. While Glass's proposition to masturbate in front of "lisa200215ncal" alone was not sufficient to warrant conviction under the enticement statute, there was sufficient evidence from which a jury could find that he was also soliciting further acts such that he was in violation of sections implicated in section 18–1509A, namely section 18–1508

which defines lewd conduct with a minor under age sixteen.[5] While "letsgetkinky831" only explicitly referred to plans of masturbation, the context of the discussion makes it evident that the proposed masturbation was but a stem in the process of luring or seducing "lisa200215ncal" to direct sexual contact and by showing up at the apartment had taken a substantial step toward this end.

██ Glass also argues there was insufficient evidence to conclude that he was the person acting behind the screen name "letsgetkinky831." We disagree given the significant circumstantial evidence implicating Glass as operating online as "letsgetkinky831." As we discussed above, the online interaction between "lisa200215ncal" and "letsgetkinky831" was a private conversation to which only those two were a party. "Lisa200215ncal" provided "letsgetkinky831" with the address of a vacant apartment located in an apartment complex near Fairview Avenue. "Letsgetkinky831" responded by saying his name was "Tom" and that he would be coming from the north side of Boise. He also indicated that he would be arriving in a small, black two-door car and that he was leaving his residence immediately to come to the apartment because he needed to go to work later. Twenty-three minutes later, the detectives witnessed a black two-door car driving into the apartment complex parking lot. While the detectives did lose sight of the car, shortly thereafter Glass arrived and knocked on the apartment door where the detectives had set up the sting. Given this evidence, we conclude there was substantial evidence upon which a reasonable jury could have concluded that Glass was the person behind the "letsgetkinky831" screen name.

## III.

## CONCLUSION

The district court did not err in admitting the profile of "letsgetkinky831" and the tran-

---

**5.** Idaho Code Section 18–1508 states:

Any person who shall commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor child under the age of sixteen (16) years, including but not limited to, genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-geni-

tal contact, whether between persons of the same or opposite sex … when any of such acts are done with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, such minor child, or third party, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life.

script of the online conversation between "lisa200215ncal" and "letsgetkinky831" as there was sufficient foundation established for both. It also was not an abuse of discretion to allow Detective Smith to testify as to the uniqueness of screen names in general and specifically in regard to Yahoo. Finally, there was sufficient evidence for a reasonable jury to have found that Glass acted in violation of I.C. § 18–1509A. Accordingly, Glass's judgment of conviction for enticing a child over the Internet is affirmed.

Judge LANSING and Judge PERRY concur.

