IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38806

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | 2012 Opinion No. 67 |
| Plaintiff-Respondent, | ) | |
| | ) | Filed: December 17, 2012 |
| v. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| BRUCE E. REED, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Judgment of conviction and unified eleven-year sentence with two-year determinate term for enticing a child over the Internet, affirmed.

Brady Law, Chartered; Eric D. Fredericksen, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Bruce E. Reed appeals from his judgment of conviction for enticing a child over the Internet. He contends that the trial evidence was insufficient to prove his guilt and that his sentence is excessive. We affirm.

I.

BACKGROUND

Over the course of about five months, Reed participated in sexually explicit online chats with "borahjenny," a person he believed to be a fifteen-year-old girl. In reality, "borahjenny" was a middle-aged male police detective who was investigating Internet crimes against children. Reed was eventually charged with enticing a child over the Internet in violation of Idaho Code § 18-1509A, and was found guilty by a jury. The district court imposed a unified sentence of eleven years, with two years determinate. Reed appeals, challenging the sufficiency of the evidence to support the verdict and contending that his sentence is excessive.

1

## II.

## ANALYSIS

### A.    Sufficiency of the Evidence

Reed first argues that although there was abundant evidence of sexually explicit "instant messaging" communication between him and "borahjenny," the evidence was insufficient to support his conviction for the charged offense because he "did not attempt to personally meet borahjenny or provide the detective with any of his contact information to facilitate a meeting." Reed posits that the crime defined in I.C. § 18-1509A, as it existed at the time he was charged, required something more than online communications in which sexual acts were invited.  Rather, he contends, a violation required some additional acts such as scheduling a specific meeting at a specific time and place.  Thus, the initial issue presented is one of statutory construction.

This Court exercises free review over the application and construction of statutes.  *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).  Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction.  *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000).  The words must be given their plain, usual, and ordinary meaning, and the statute must be construed as a whole. *State v. Hart*, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001).  If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation.  *Escobar*, 134 Idaho at 389, 3 P.3d at 67.  When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent.  *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001).

At the time of Reed's communications with "borahjenny" in late 2009 and early 2010, the crime of enticing a child over the Internet was defined in I.C. § 18-1509A(1) (2009) as follows:

> A person aged eighteen (18) years or older shall be guilty of a felony if he or she knowingly uses the internet to solicit, seduce, lure, persuade or entice by words or actions, or both, a minor child under the age of sixteen (16) years or a person the defendant believes to be a minor child under the age of sixteen (16) years to engage in any sexual act with or against the child where such act is a violation of chapter 15, 61 or 66, title 18, Idaho Code.

2

The referenced chapters 15, 61, and 66 of Title 18 of the Idaho Code all define types of sex offenses.

Reed predicates his interpretation of the statute--as requiring "something more than just chatting online with [a] person in a sexual manner"--upon an amendment to Section 18-1509A adopted in 2012. The 2012 amendment, which was enacted long after Reed committed his offense and, indeed, after his trial, added a new subsection, I.C. § 18-1509A(4), which states: "In a prosecution under this section, it is not necessary for the prosecution to show that an act described in chapter 15, 61 or 66, title 18, Idaho Code, actually occurred."[1] *See* 2012 Idaho Session Laws, ch. 270, § 1, p. 764. According to Reed, this establishes that, prior to the amendment, Section 18-1509A *did* require proof of an act described in the specified chapters of the Idaho Code. Reed cites *Woodvine v. Triangle Dairy, Inc.*, 106 Idaho 716, 721, 682 P.2d 1263, 1268 (1984) for the proposition that "[w]hen the legislature changes the language of a statute, it is presumed that they intended to change the application or meaning of that statute." From that premise, he reasons that the statute before amendment must necessarily have required the prosecution to prove that an act described in chapter 15, 61 or 66, title 18, Idaho Code actually occurred. He then contends that the evidence at trial was insufficient because the prosecution did not produce any evidence that he committed any of the statutorily referenced sexual acts.

Reed's argument is not supported by the plain language of Section 19-1509A(1), which specified the elements needed for a conviction. The plain terms of that subsection did not include, as an element, any acts other than use of Internet communications to "solicit, seduce, lure, persuade or entice" one who is, or is believed to be, a minor under age sixteen for a sexual act. Contrary to Reed's argument, a change to the application or substantive meaning of a statute

---

[1] The 2012 amendment also modified the language of Section 18-1509A(1), but Reed does not base his argument on the alterations to subsection (1). After the amendment, that subsection states:

> A person aged eighteen (18) years or older shall be guilty of a felony if such person knowingly uses the internet or any device that provides transmission of messages, signals, facsimiles, video images or other communication to solicit, seduce, lure, persuade or entice by words or actions, or both, a person under the age of sixteen (16) years or a person the defendant believes to be under the age of sixteen (16) years to engage in any sexual act with or against the person where such act would be a violation of chapter 15, 61 or 66, title 18, Idaho Code.

is not the only reason for legislative amendment; the legislature also makes amendments to clarify or strengthen the existing provisions of a statute. *Pearl v. Bd. of Prof'l Discipline of Idaho State Bd. of Med.*, 137 Idaho 107, 113-14, 44 P.3d 1162, 1168-69 (2002); *State v. Barnes*, 133 Idaho 378, 384, 987 P.2d 290, 296 (1999); *Stonecipher v. Stonecipher*, 131 Idaho 731, 735, 963 P.2d 1168, 1172 (1998); *State ex rel. Wright v. Headrick*, 65 Idaho 148, 156, 139 P.2d 761, 763 (1943). Here, it is apparent that a legislative clarification is what was intended by the 2012 amendment. It clarifies the statute so that there can be no mistake that the prosecution is not required to prove that a sexual act actually occurred.

Reed also argues that this Court previously held in *State v. Glass*, 146 Idaho 77, 85, 190 P.3d 896, 904 (Ct. App. 2008) that a violation of I.C. § 18-1509A requires that the individual take a "substantial step" toward committing a sexual act. A "substantial step," he asserts, means something beyond an invitation, via the Internet, to engage in sexual activity.

Reed is not correct in his interpretation of *Glass*. The defendant in that case, in an Internet chat, expressed his desire to masturbate in the presence of the person he believed to be a fifteen-year-old girl. On appeal from his conviction, he argued that the evidence was insufficient to convict because, at that time, the act of masturbating in front of a child would not have violated any of the provisions of "chapter 15, 61 or 66, title 18, Idaho Code."[2] We agreed with the defendant's statutory argument, *Glass*, 146 Idaho at 83-84, 190 P.3d at 902-03, but disagreed that the remaining evidence was insufficient to convict. We noted that other statements in his Internet communications with "lisa200215ncal" indicated that masturbation while she watched would be only a lead-up to other sexual activity. We summarized:

> While "letsgetkinky831" only explicitly referred to plans of masturbation, the context of the discussion makes it evident that the proposed masturbation was but a stem in the process of luring or seducing "lisa200215ncal" to direct sexual contact *and by showing up at the apartment* [*he*] *had taken a substantial step toward this end.*

*Glass*, 146 Idaho at 85, 190 P.3d at 904 (footnote omitted, emphasis added). This reference in *Glass* to the defendant's "substantial step," did not, as Reed argues, insert an additional element into the crime that is not expressed in Section 18-1509A(1). Rather, we simply noted that

---

[2]    In 2008 the Idaho Legislature amended I.C. § 18-1506 to criminalize this conduct. *See* I.C. § 18-1506(1)(d) & (4).

4

Glass's act of appearing at the apartment where he had arranged a rendezvous with the supposed minor was indicative of his intent to have direct sexual contact.

Because there is no merit in Reed's argument that I.C. § 18-1509A required, as an element of the crime, conduct beyond Internet communications inviting or luring a supposed minor to engage in sexual acts, his argument that the trial evidence was insufficient due to lack of proof of such an element also fails.

Reed also argues that the evidence was insufficient to show that he believed that "borahjenny" was a minor. He points out several of his Internet messages in which he questioned whether "borahjenny" might be law enforcement. We are unpersuaded. Evidence is sufficient to sustain a criminal conviction if there is substantial evidence upon which a reasonable trier of fact could have found the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). Over a period of about five months, Reed exchanged hundreds of messages with "borahjenny." The evidence that he expressed reservations about her identity on a handful of occasions was relevant, but it does not render the remaining evidence insufficient to support the jury's finding that he solicited sexual acts from a person he believed to be a minor.

## B.    Sentence

The district court imposed a unified term of incarceration of eleven years, with two years fixed. Reed argues that the unified term of eleven years is excessive and that an aggregate eight-year term, which he requested at sentencing, would be sufficient to meet the goals of sentencing.

Appellate review of a sentence is based on an abuse of discretion standard. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007); *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Stevens*, 146 Idaho 139, 148, 191 P.3d 217, 226 (2008); *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Dalrymple*, 144 Idaho 628, 636, 167 P.3d 765, 773 (2007); *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of

deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1884 (Ct. App. 1982).

Reed was on probation when he committed the present offense. He had prior convictions for disturbing the peace, kidnapping, and numerous motor vehicle violations. While in jail for the present offense, he was verbally abusive to jail staff, attempted to make an alcoholic beverage concocted from juice and food items, and was found in possession of a sharpened spoon. A psychosexual evaluation placed him in a medium to high range for risk of recidivism. Having thoroughly reviewed the record in this case, we cannot say that the district court imposed an excessive sentence.

## IV.
## CONCLUSION

Substantial evidence supports the jury's finding of Reed's guilt, and his sentence is not excessive. Therefore, the judgment of conviction and sentence are affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**