**AFFIRM; and Opinion Filed June 18, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00922-CR

**LEANDER DOUGLAS ADAMS III, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1170881-S**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lewis

A jury convicted appellant Leander Douglas Adams III of aggravated sexual assault of a child under fourteen. The jury assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for life and a fine of $10,000. In two issues, appellant contends the trial court erred by admitting evidence at trial that lacked both authentication and completeness. The factual and procedural histories are known to the parties, so we do not recite them in detail. Because the issues in this appeal involve the application of well-settled principles of law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4. We affirm the trial court's judgment.

## Background

The basic facts underlying appellant's prosecution are not in dispute on appeal. Appellant met Holli and they began dating when Holli's daughter, K.R., was six years old. Appellant's relationship with Holli developed into a sexual one. Over time, appellant and Holli began to include K.R. in their intimate relationship. Initially, they encouraged K.R. to watch their sexual activity. Then, with appellant's encouragement, Holli "coached" K.R. in ways to participate with both adults in sexual conduct. At trial, Holli testified to multiple occasions when she and appellant would engage in intimate touching and kissing with K.R.; the adults would engage in oral sex with each other and with K.R., including having her perform sex acts on them.[1] K.R. testified that she had to put her hand on appellant's penis, and that appellant put his penis in her mouth.

Appellant was convicted of aggravated sexual assault of a child under fourteen, and the jury assessed his punishment at a life sentence plus a $10,000 fine. He appeals.

## Standard of Review

We review a trial court's decision to admit evidence for an abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). We must uphold a trial court's evidentiary ruling if there is any legitimate basis in the record to support it. *Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 782 (Tex. App.—Dallas 2005, pet. denied).

## Admissibility of Electronic Messages

Appellant raises two issues in this Court. Both issues challenge the admissibility of State's Exhibit 7, which is a compilation of Yahoo instant messages, purportedly between appellant and Holli. The messages detail intimate conduct between the parties as well as

---

[1] At the time of appellant's trial, Holli was serving a thirty-year prison sentence on federal charges of possession of child pornography. State charges of aggravated sexual assault—growing out of the same conduct to which she testified here—were pending against her. The State offered her a thirty-year plea agreement in return for her testifying at appellant's trial.

intimate conduct among those two parties and a third party, identified by K.R.'s first name. Holli testified the messages were on her computer. She prepared the document that became State's Exhibit 7 by cutting and pasting the messages into a new document. She then emailed the resulting document to herself, printed it out, and gave it to the police.

## Authentication of Instant Messages

In his first issue, appellant argues the exhibit was not properly authenticated. Fundamental evidence rules require all evidence to be authenticated as a condition precedent to admissibility. *See* TEX. R. EVID. 901(a). That requirement is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." *Id.* Electronic evidence is subject to the same authentication rule as documentary evidence. *See Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). A proponent may authenticate evidence in a number of ways, including by direct testimony from a witness with knowledge of the evidence. *Id.*; *see also* TEX. R. EVID. 901(b)(1). The best method of authenticating electronic evidence will depend on the nature of the evidence and the circumstances of the particular case. *Tienda*, 358 S.W.3d at 639. The trial court's task is to determine whether the proponent has provided sufficient facts to support a reasonable jury determination that the evidence she proffers is authentic. *Id.* at 638. "Printouts of emails, internet chat room dialogues, and cellular phone text messages have all been admitted into evidence when found to be sufficiently linked to the purported author so as to justify submission to the jury for its ultimate determination of authenticity." *Id.* at 639.[2]

---

[2] The Court of Criminal Appeals cited to a number of cases involving internet messaging similar to that at issue in appellant's case. *See id.* at 639 n. 28 (citing *Jackson v. State*, 2009 Ark. App. 466, 320 S.W.3d 13 (2009) (Yahoo instant message conversations); *Hammontree v. State*, 283 Ga. App. 736, 642 S.E.2d 412 (2007) (internet instant message conversation); *State v. Glass*, 146 Idaho 77, 190 P.3d 896 (App. 2008) (on-line conversation); *In the Interest of F.P., a Minor*, 878 A.2d 91 (Pa. Super. Ct. 2005) (instant messages); *Bloom v. Commonwealth*, 262 Va. 814, 554 S.E.2d 84 (2001) (instant messages); *United States v. Barlow*, 568 F.3d 215 (5th Cir. 2009) (Yahoo instant message conversations)).

The electronic conversation participants in State's Exhibit 7 are identified as "l_adams69" and "holli.\*\*\*\*\*\*\*."[3] Holli testified those screen names belong to appellant and to her. She identified State's Exhibit 7 as a conversation she had with appellant. She stated she also had other electronic conversations with appellant using that screen name prior to the conversation in State's Exhibit 7. Finally, she testified the conversation in the exhibit included matters appellant knew about and only appellant knew about.

Holli's trial testimony concerning the exhibit was consistent with what she told Detective Joe Adcock concerning the print out before her own arrest. Adcock testified that Holli told him she had printed out instant messages between her and appellant. She later delivered the print out to Adcock.

In this case, the screen names alone would likely be insufficient to authenticate the instant messages in State's Exhibit 7. *See Tienda*, 358 S.W.3d at 641–42 ("That an email on its face purports to come from a certain person's email address, that the respondent in an internet chat room dialogue purports to identify himself, or that a text message emanates from a cell phone number assigned to the purported author—none of these circumstances, without more, has typically been regarded as sufficient to support a finding of authenticity."). However, Holli's testimony was additional evidence that she both participated in the electronic conversation and prepared the compilation of messages that made up the exhibit. She testified the exhibit was what the State purported it to be: a transcript of an electronic conversation between Holli and appellant. We conclude Holli's testimony sufficiently linked the messages in State's Exhibit 7 to appellant so as to justify submission to the jury for its ultimate determination of authenticity. *See id.* at 640.

---

[3] This screen name corresponds with Holli's last name.

We overrule appellant's first issue.[4]

## Completeness of Instant Messages

In his second issue, appellant argues the trial court erred by admitting State's Exhibit 7 because its admission violated the rule of optional completeness. That rule provides:

> When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, and any other act, declaration, writing or recorded statement which is necessary to make it fully understood or to explain the same may also be given in evidence, as when a letter is read, all letters on the same subject between the same parties may be given.

TEX. R. EVID. 107. Appellant's counsel objected to the exhibit when it was offered as being incomplete. He emphasized the messages had been cut and pasted and that the exhibit appeared not to be an entire conversation. When the court asked what other parts of the conversation would make the exhibit complete, appellant's counsel responded that "the beginning of the conversation, or prior conversation between the two" would give proper context to the messages in the exhibit. The prosecutor stated on the record that the exhibit was all of the instant-message evidence it received from Holli. The trial court then allowed defense counsel to take the witness (Holli) on voir dire to determine whether there was in fact more to the electronic conversation. But counsel declined to do so.

In subsequent questioning, appellant's counsel asked Holli about other messages, and she testified she had others saved on her computer but not enough ink or paper to print them all. Counsel also posed a question to Holli concerning the context of the messages in State's Exhibit 7:

> Q. And if the jury were to be able to read the entire conversation, do you believe that they would have a better idea of what's going on?

---

[4] Within his argument concerning authentication of State's Exhibit 7, appellant contends the trial court failed to establish a rule 404(b) basis for admitting this exhibit. Our review of the record indicates appellant did not make this objection below, so he has not preserved the issue for our review. *See* TEX. R. APP. P. 33.1(a)(1).

A. I don't know if they would have a better opportunity to understand what was going on. Or if it would confuse the issue more, I'm not sure.

Counsel then moved on to discuss other matters with Holli.

We conclude appellant's optional-completeness argument is not well taken. Initially, at the sub rosa hearing, appellant's counsel objected that the exhibit was incomplete and said he wanted a complete record. He declined, however, to develop the evidentiary basis necessary to obtain a complete record. Later, counsel elicited some evidence that there were more electronic messages between Holli and appellant, but Holli's testimony did not establish that any of the unprinted messages fell within the rule of optional completeness. She was not asked about the content of the messages she did not print, and her answer to the context question was ambiguous as best. Rule 107, on its face, provides for admission of the omitted portion of the statement if it is "on the same subject" and "necessary to make [the original statement] fully understood." *Sauceda v. State*, 129 S.W.3d 116, 123 (Tex. Crim. App. 2004). Neither of those requirements was satisfied by Holli's testimony.

Finally, appellant's argument that State's Exhibit 7 should have been excluded pursuant to rule 107 misunderstands the rule. Optional completeness provides a mechanism whereby the objecting party may "complete" evidence that has been offered by the adverse party and admitted into evidence. *See Crosby v. Minyard Food Stores, Inc.*, 122 S.W.3d 899, 903 (Tex. App.—Dallas 2003, no pet.) ("some portion of the matter sought to be "completed" must have actually been introduced into evidence"). Rule 107 is not a rule of exclusion; instead, it is a rule of admissibility. *Lomax v. State*, 16 S.W.3d 448, 450 (Tex. App.—Waco 2000, no pet.). If appellant had been able to offer evidence that Holli's unprinted instant messages were on the same subject as those in State's Exhibit 7 and were necessary to make that exhibit fully understood, then the other messages would have been admissible to "complete" it. *See Sauceda*,

–6–

129 S.W.3d at 123.  But the rule does not provide for excluding the original exhibit.  *See* TEX. R. EVID. 107.

We overrule appellant's second issue.

## Conclusion

We have decided appellant's issues against him.  We discern no abuse of discretion in the trial court's admission of State's Exhibit 7.  We affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130922F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LEANDER DOUGLAS ADAMS III,
Appellant

No. 05-13-00922-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1170881-S.
Opinion delivered by Justice Lewis,
Justices Lang-Miers and Myers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of June, 2014.

/David Lewis/

DAVID LEWIS
JUSTICE